**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| SANDRA FRANKLIN, | : | |
| | : | |
| Claimant, | : | |
| | : | |
| v. | : | CASE NO. 3:09-CV-56-CDL-GMF |
| | : | Social Security Appeal |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Respondent. | : | |

## **REPORT AND RECOMMENDATION**

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ) determination, denied Claimant's application for social security disability benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## **LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social

Security Act is a narrow one.  The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1]  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision.  *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth*, 703 F.2d at 1239.  However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if supported by substantial evidence.  *Id.*

The initial burden of establishing disability is on the claimant.  *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973).  The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.  *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).  A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1, *et seq*.

Under the regulations, the Commissioner uses a five-step procedure to determine if

---

[1] Credibility determinations are left to the Commissioner and not to the courts.  *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence.  *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

a claimant is disabled. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. Next, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations (the "Listing"). Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

**I.     Whether the ALJ erred by failing to discuss Claimant's mental retardation.**

**II.    Whether the ALJ erred by rejecting opinion evidence from the Goodwill vocational expert.**

## **Administrative Proceedings**

Claimant filed the current application for disability benefits on January 12, 2005. (T-17). Claimant's application was denied initially and on reconsideration. *Id*. Claimant then filed a request for a hearing before an ALJ, which was held on August 26, 2008, in Athens, Georgia. (T-17; 569-88). The ALJ found that Claimant was not disabled in a decision dated October 1, 2008. (T-17-24). Although the Appeals Council received additional evidence, it denied Claimant's requested review of the ALJ's findings, making the ALJ's decision the final decision of the Commissioner. (T-5-8).

## **Statement of Facts and Evidence**

Claimant alleges a disability beginning on January 12, 2005. (R-9). After examining the medical records, the ALJ determined that Claimant suffers from obesity, hypertension, history of pancreatitis, and depressive disorder, impairments which he found to be severe within the meaning of the Regulations but not severe enough to meet, or medically equal, any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (T-19-22). After a thorough review of the record, the ALJ found that Claimant has the residual functional capacity (RFC) to perform medium work. (T-22). The ALJ concluded that, mentally, the claimant can understand and carry out short and simple instructions consistent with the functional capacity assessment of Spurgeon Cole, Ph.D. (T-22-23, 282). Because he found Claimant able to perform her past relevant work as a housekeeper/cleaner, the ALJ made a finding of "not disabled." (T-24).

# DISCUSSION

## I.  Did the ALJ properly discuss Claimant's mental retardation?

Claimant argues that her impairments meet Listing 12.05. (R-9). As stated above, as part of the sequential analysis, the Commissioner must determine whether the claimant's severe impairment(s) meets or equals a Listing. The Eleventh Circuit has held that:

> To "meet" a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement. *See* 20 C.F.R. § 404.1525(a)-(d). To "equal" a Listing, the medical findings must be "at least equal in severity and duration to the listed findings." *See* 20 C.F.R. § 404.1526(a). If a claimant has more than one impairment, and none meets or equals a listed impairment, the Commissioner reviews the impairments' symptoms, signs, and laboratory findings to determine whether the combination is medically equal to any listed impairment.

*Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002). The claimant bears the burden of proving that an impairment meets or equals a Listing. *Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir. 1987). If the claimant contends that she has an impairment that medically equals a Listing, "the claimant must present medical evidence which describes how the impairment has such an equivalency." *Bell v. Bowen*, 796 F.2d 1350, 1353 (11th Cir. 1986).

Listing 12.05 is entitled "Mental Retardation." "Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive behavior initially manifested during the developmental period . . . before age twenty-two." 20 C.F.R. Pt. 404, Subpt. P, App. 1, Section 12.05. A claimant meets Listing 12.05B when she demonstrates "a valid verbal, performance, or scale IQ of 59 or less." *Id.* at § 12.05B. A

5

claimant satisfies Listing 12.05C by showing "a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." *Id*. at § 12.05C. Under Listing 12.05D, the claimant must show:

> A valid verbal, performance, or full scale IQ of 60 through 70, resulting in at least two of the following:
> 1. Marked restriction of activities of daily living; or
> 2. Marked difficulties in maintaining social functioning; or
> 3. Marked difficulties in maintaining concentration, persistence, or pace; or
> 4. Repeated episodes of decompensation, each of extended duration.

*Id*. at § 12.05D.

The Eleventh Circuit has held that the ALJ is not required to accept a claimant's I.Q. scores, rather test results of this sort should be examined "in conjunction with other medical evidence and the claimant's daily activities and behavior." *Popp v. Heckler*, 779 F.2d 1497, 1500 (11th Cir. 1986). Further, a valid IQ score is not conclusive of mental retardation if the score is not consistent with other evidence of record. *Lowery v. Sullivan,* 979 F.2d 835, 837 (11th Cir. 1992).

Claimant contends that the ALJ erred by focusing only on evidence of Claimant's malingering and not on her alleged mental retardation. (R-9). Here, the ALJ found Claimant's IQ scores to be questionable as Claimant was unwilling to cooperate in multiple consultative examinations. (T-23). Respondent summarizes record evidence that Dr. Butryn and Dr. Hamby tested Claimant's IQ, concluding that Claimant's scores were invalid due to

evidence of malingering. (R-10). Dr. Bach and the state agency psychological consultant, Dr. Williams, reviewed the record and concluded the same. *Id.* Under the authority stated above, the ALJ properly rejected Claimant's IQ scores as inconsistent with other record evidence. Instead, the medical opinions of Drs. Butryn, Hamby, Bach, and Williams, provide substantial evidence on which the ALJ based his Findings.

Claimant further contends that, even if she were to have slightly higher IQ scores, the combination of her low cognitive functioning and mental illness would result in a finding of disability pursuant to Listing 12.05C. (R-9). In his Findings, the ALJ extensively evaluated Claimant's alleged mental illness with regard to Listing 12.04[2] and concluded that it does not meet the level of severity described therein. (T-20-21). While the "additional and significant" impairment contemplated by Listing 12.05C need not be severe, it must be more than slight or minimal. *Edwards by Edwards v. Heckler*, 755 F.2d 1513, 1515 (11th Cir. 1985). The ALJ's implied finding that, coupled with Claimant's questionable IQ test scores, Claimant's alleged mental illness does not rise to the level of significance necessary to meet Listing 12.05C, is reasonable. *See Hutchison v. Bowen*, 787 F.2d 1461, 1463 (11th Cir. 1986) ("[I]t is not required that the Secretary mechanically recite the evidence leading to her determination. There may be an implied finding that claimant does not meet a listing.").

As stated above, this Court may neither decide facts, re-weigh evidence, nor substitute

---

[2]The ALJ examined Claimant's mental impairment in the context of Listing 12.04, finding that Claimant has moderate limitations in daily activities; moderate limitations in social functioning; moderate limitations in concentration, persistence or pace; and no repeated episodes of decompensation of extended duration. (T-20-21). These same factors make up Listing 12.05D.

its judgment for that of the Commissioner. Accordingly, substantial evidence supports the ALJ's Finding that Claimant did not meet any part of Listing 12.05, despite record evidence to the contrary, including testimony of the Goodwill Vocational Expert and allegations that Claimant attended special education classes while enrolled in public school. Claimant has not shown that she is entitled to more limitations than the ALJ acknowledged in her RFC limiting her to following short, simple instructions. (R-22). No error is found.

**II.     Did the ALJ err by rejecting opinion evidence from the Goodwill vocational expert?**

Claimant contends that the ALJ rejected the opinion of the Sherry Burns, the vocational expert at Goodwill "without articulating any meaningful reason for doing so." (R-9). The Regulations provide that in cases of mental impairments, an acceptable medical source's opinion is relevant to determining "your ability to understand, to carry out and remember instructions, and to respond appropriately to supervision, coworkers, and work pressures in a work setting." 20 C.F.R. § 404.1513(c)(2). A vocational expert does not qualify as an "acceptable medical source," 20 C.F.R. § 404.1513(a), and cannot establish the existence of a medically determinable impairment. SSR 06-03p. However, the Regulations allow "evidence from other sources to show the severity of your impairment(s) and how it affects your ability to work." *Id.*; 20 C.F.R. § 404.1513(d).

To promote meaningful review, the Eleventh Circuit Court of Appeals obligates the ALJ to "state with sufficient clarity the legal rules being applied and the weight accorded the evidence considered." *Ryan v. Heckler*, 762 F.2d 939, 941-42 (11th Cir. 1985); *see also* SSR

06-03p ("[T]he adjudicator generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning."). Here, the ALJ stated, "The opinion of the vocational evaluator, Sherry Burns (Exhibit 12E), is not given great weight in that her opinion is inconsistent with the opinions mentioned above." (T-22). Although Ms. Burns's opinion was relevant, the ALJ did not err by rejecting it and provided sufficient reasoning for doing so.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

THIS the 1st day of September, 2009.

                                                S/ G. MALLON FAIRCLOTH
                                                UNITED STATES MAGISTRATE JUDGE

lml